| PROB 22<br>(Rev. 2/88) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)*<br>6:96-646-01 |
|---|---|---|
| | | DOCKET NUMBER *(Rec. Court)*<br>O1-61-TP-Graham |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE<br><br>Yamer Jesus Perez<br>125 East Fourth Street<br>Hialeah, Florida  33010 | DISTRICT<br><br>South Carolina | DIVISION<br><br>Greenville |
|---|---|---|
| | NAME OF SENTENCING JUDGE<br><br>G. Ross Anderson, Jr. | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>12/21/00 | TO<br>07/19/05 |

OFFENSE

Conspiracy to Possess with Intent to Distribute and Distribute Cocaine

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Southern District of Florida upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this  court.*

Mar. 12, 01

_____
Date

_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

4-6-01

_____
Effective Date

_____
United States District Judge

(Form Revised in WPRO F...)

ORIGINAL FILED

DEC 18 1996

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

# IN THE DISTRICT COURT OF THE UNITED STATES

## FOR THE DISTRICT OF SOUTH CAROLINA

## GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>)<br>)<br>V. )<br>)<br>YAMER JESUS PEREZ )<br> a/k/a Jamal )<br>PABLO ANTONIO MENEDEZ ) | CRIMINAL NO.:<u>6: 96-646</u><br>18 USC §1956(a)(1)(A)(i)<br>21 USC§846<br><br><u>**SUPERSEDING INDICTMENT**</u> |

## COUNT 1

THE GRAND JURY CHARGES:

That beginning on or about a date before January 1, 1995, the exact date to the Grand Jury being unknown, and continuing thereafter up until October 10, 1996, in the District of South Carolina and elsewhere, the Defendants, **YAMER JESUS PEREZ,** a/k/a Jamal, **and PABLO ANTONIO MENEDEZ,** knowingly, intentionally, and unlawfully did combine, conspire, confederate and agree together and have tacit understanding with each other and with various other persons both known and unknown to the Grand Jury to possess with intent to distribute and to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about October 10, 1996, in the District of South Carolina and elsewhere, the Defendants, **YAMER JESUS PEREZ**, a/k/a **Jamal, and PABLO ANTONIO MENEDEZ**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which involved the proceeds of specified unlawful activity, that is drug trafficking, with the intent to promote the carrying on of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, the Defendants, **YAMER JESUS PEREZ**, a/k/a Jamal, and **PABLO ANTONIO MENEDEZ**, knew that the funds involved in the financial transactions represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

A __TRUE__ Bill

S/ FAYE B. HALL

Foreman

/s/ J. René Josey
J. René Josey                    (hwg)
United States Attorney

Possible penalties for 18 USC 1956(a)(1):

### MONEY LAUNDERING

18 USC 1956(a)(1) – a maximum term of imprisonment of not more than 20 years and/or a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater and a term of supervised release of at least three (3) years in addition to any term of imprisonment, plus a special assessment of $ 100.00

AO 245B (Rev. 5/97) Sheet 1 - Judgment in    inal Case

**FILED**

# United States District Court
# District of South Carolina

JUL 1 6 1997

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

UNITED STATES OF AMERICA

vs.

YAMER JESUS PEREZ

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 6:96-646-1

**ENTERED**

MICHAEL A. MACKINNON (C/A)   7-16-97
Defendant's Attorney

**THE DEFENDANT:**

X  pleaded guilty on  to count one (1) of a Superseding Indictment.

☐  pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐  was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:841(a)(1) | Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine | 10/10/96 | 1s |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐     The defendant has been found not guilty on count(s) _____
All remaining counts are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:    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
Defendant's Date of Birth:     2/26/75
Defendant's USM No.:           94116-071

Defendant's Residence Address:
5755 W. 26TH STREET, APT. #8
MIAMI, FL 33016

Defendant's Mailing Address:
5755 W. 26TH STREET, APT. #8
MIAMI, FL 33016

JULY 11, 1997
Date of Imposition of Judgment

Signature of Judicial Officer

G. ROSS ANDERSON, JR., USDJ
Name and Title of Judicial Officer

JULY 15, 1997
Date

A TRUE COPY
ATTEST: LARRY W. PROPES, CLERK

BY: _____
DEPUTY CLERK

AO 245B (Rev. 5/97) Sheet 2 - Imprisonment

Judgment - Page 2 of 6

DEFENDANT: YAMER JESUS PEREZ
CASE NUMBER: 6:96-646-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of FIFTY-TWO (52) MONTHS.

☐ The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _ a.m./p.m. on .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

AO 2p45B (Rev. 5/97) Sheet 3 - Supervise,   se

Judgment - Page 3 of 6

DEFENDANT: YAMER JESUS PEREZ
CASE NUMBER: 6:96-646-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of
FIVE (5) YEARS.  The defendant shall also comply with the additional conditions:

1. The defendant shall participate in a program of testing and treatment for drug abuse as directed by the U. S. Probation Officer until released from the program by the Probation Officer.

2. The defendant shall not illegally re-enter the United States during the term of supervised release.

3. The defendant shall pay a special assessment fee of $100.00.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

X  The defendant shall not possess a firearm as defined in 18 U.S.C. §921.  (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation. it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristic

AO 245B (Rev. 5/97) Sheet 5 Part A - Crim.   Monetary Penalties

Judgment - Page 4 of 6

DEFENDANT:  YAMER JESUS PEREZ
CASE NUMBER:  6:96-646-1

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $  100.00 | $ N/A | $  N/A |

☐  If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . . . . .  $_____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $__.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐  The interest requirement is waived.

   ☐  The interest requirement is modified as follows:

## RESTITUTION

☐  The determination of restitution is deferred, until _____. An Amended Judgment in a Criminal Case will be entered after such a determination.

☐  The defendant shall make restitution to the following payees in the amounts listed below.
   If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |
| Totals: | $_ | $_____ |  |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 5/97) Sheet 5 Part B - Crimi        etary Penalties

Judgment - Page 5 of 6

DEFENDANT:  YAMER JESUS PEREZ
CASE NUMBER:  6:96-646-1

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   **X** $ 100.00 Special Assessment in full immediately; or

B   ☐   immediately, balance due (in accordance with C, D or E); or

C   ☐   not later than; or

D   ☐   in installments to commence day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E   ☐   in installments of $ over a period of year(s) to commence day(s) after the date of this judgment.

The Defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐  Joint and Several

| Case Number (Including Defendant Number) | Defendant Name | Joint and Several Amount |
| --- | --- | --- |

☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, monetary penalties shall be due during the period of imprisonment. All criminal monetary Bureau of Prisons' Inmate Financial

AO 245B (Rev. 5/97) Sheet 6 - Statement of    is

DEFENDANT:  YAMER JESUS PEREZ
CASE NUMBER:  6:96-646-1

# STATEMENT OF REASONS

X   The court adopts the factual findings and guideline application in the presentence report.

## OR

☐  The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:  27

Criminal History Category:  I

Imprisonment Range:  70 to 87 months

Supervised Release Range:  5 years

Fine Range:  N/A

    ☐  Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:  N/A

    ☐  Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. §3663(d).

    ☐  For offenses committed on or after Sept. 14, 1994 but before April 23, 1996, that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

    ☐  Partial restitution is ordered for the following reason(s):

☐  The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

## OR

☐  The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

X   The sentence departs from the guideline range:

    X   upon motion of the government, as a result of defendant's substantial assistance for the following specific reason(s):